UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-20630-CV-HUCK/O'SULLIVAN

XL INSURANCE AMERICA, INC., a
foreign corporation,

          Plaintiff,

vs.

MARK ORTIZ, SCHRATTER FOODS, INC.
d/b/a CORMAN SHIP SUPPLIES, a foreign
corporation, and FLOYD MORE, a Florida
resident.

          Defendants.
_____/

**ORDER DENYING MOTION TO**
**ALTER OR AMEND FINAL JUDGMENT**

This matter came before the Court on Mark Ortiz's Motion to Alter or Amend the Court's Final Judgment (D.E. #60). The Court has reviewed the motion and related briefing, the record, and is otherwise duly advised in the premises. For the reasons set forth below, the motion is denied.

    **I.**    **Factual and Procedural Background**

On November 6, 2009, the Court granted summary judgment in favor of XL Insurance America, Inc. (the "Insurer") and against Mark Ortiz and Schratter Foods, Inc. *XL Ins. Am. v. Ortiz*, ---- F. Supp. 2d ----, 2009 WL 3739072 (S.D. Fla. Nov. 6, 2009). On November 16, 2009, Ortiz filed the motion at issue which is a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

Ortiz contends that the Court's summary judgment order should be altered because some of the conclusions reached in it regarding the scope of coverage provided under the policy were advisory in nature. Specifically, Ortiz contends that the Court should not have addressed whether the insurance policy covered the claims brought in the *Ortiz v. Rodriguez* action because the Insurer did not request such a determination. Therefore, Ortiz requests that the Court amend its order to excise any determinations that the Court made regarding coverage of the claims raised in the *Ortiz*

*v. Rodriguez* action. If the Court declines to alter its summary judgment order in that manner, Ortiz argues that, in interpreting the insurance contract, the Court misapplied Florida law in several respects. First, Ortiz contends that the Court erred in ruling that Alain Rodriguez--the individual who injured Mark Ortiz--is not an insured under the policy. Second, Ortiz argues that the Court ignored case law regarding the co-employee exclusions, specifically *Greathead v. Asplundh Tree Expert Co.*, 473 So. 2d 1380, 1382-83 (Fla. 1st DCA 1985). Finally, Ortiz contends that the Court incorrectly concluded that the Employer's Liability Exclusion and Workers' Compensation Exclusion precluded coverage.

## II.   Applicable Law

Rule 59(e) of the Federal Rules of Civil Procedure authorizes a motion to alter or amend a judgment. Rule 59(e) does not identify the grounds for a motion to alter or amend a judgment, and courts have broad discretion to grant or deny such a motion. *Sussman v. Salem, Saxon, & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) citing *Am. Homes Assur. Co. v. Glenn Estess & Assoc., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Courts have identified four grounds for Rule 59(e) motions. Such motions are proper (1) where there is an intervening change in controlling law, (2) where there is newly discovered evidence, (3) to correct clear legal error, or (4) to prevent manifest injustice. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[5][a] (Matthew Bender 3d ed.). In this case, Ortiz argues that the Court committed clear legal error in issuing its decision.

A party considering a Rule 59(e) motion should keep in mind that such motions are very burdensome to the courts and cause unnecessary waste of limited judicial resources. As such, "reconsideration of a previous order is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (Matthew Bender 3d ed.). When a party is considering filing a Rule 59(e) motion, the presumption should be in favor of seeking review of the district court's order in the appellate courts, particularly when the district court has clearly given thorough consideration to the underlying ruling (as evidenced, for example, by the issuance of a reasoned opinion).

## III.   Analysis

The reasons set forth in the motion do not indicate that the Court clearly erred. First, the

Court's opinion was not advisory.  Contrary to Ortiz's argument, the Insurer never agreed that the Court should not decide whether the policy covered the allegations in the *Ortiz v. Rodriguez* action.  In its reply in support of its motion for summary judgment, the Insurer twice requested a ruling on coverage in the *Ortiz v. Rodriguez* action.  First, the Insurer stated:

> In Ortiz's Response to [the Insurer's] Motion for Summary Judgment and incorporated Reply Memorandum on his Motion for Summary Judgment [D.E. #45, 50], Ortiz asks this Court, however, not to address whether the Policy affords coverage to Rodriguez for the *Rodriguez* lawsuit. [D.E. #50, pg. 4].  For the reasons set forth in [the Insurer's] Motion for Summary Judgment [D.E. #41] and Ortiz's conceding that the Policy does not afford coverage to Rodriguez in his Reply Memorandum on Ortiz's Motion for Summary Judgment [D.E. #50], *this Court should grant [the Insurer's] Motion for Summary Judgment [D.E. #41] and declare that the Policy does not afford coverage, for defense or indemnity, to Rodriguez in the* Rodriguez *lawsuit*.

D.E. #56 at 2 (emphasis added).  Later, the Insurer stated:

> *For the reasons set forth herein, [the Insurer] respectfully requests that this Court enter summary judgment in favor of [the Insurer] that the Policy does not afford coverage, for defense or indemnity, to Rodriguez in the* Rodriguez *lawsuit*.  [The Insurer] further requests that this Court enter summary judgment in favor of [the Insurer] that the Policy does not afford coverage, for defense of indemnity, to Schratter Foods in the *Schratter* lawsuit.

*Id.* at 3 (emphasis added).  This was consistent with its complaint, in which the Insurer requested a determination that it did not have a duty to indemnify Schratter Foods against Ortiz's claims in the *Ortiz v. Schratter Foods* lawsuit.  D.E. #1 at 14.  The damages in the *Ortiz v. Schratter Foods* lawsuit were identical to and based on the damages obtained in the *Ortiz v. Rodriguez* lawsuit.  Accordingly, the Court's analysis of the Insurer's obligations with respect to *Ortiz v. Schratter Foods* necessarily included an exploration of the Insurer's obligations with respect to *Ortiz v. Rodriguez*.  Indeed, the Insurer's coverage obligations with respect to the *Ortiz v. Rodriguez* action were the subject of Ortiz's motion for summary judgment.  D.E. #40.

In essence, the judgment grants the relief that Ortiz conceded was appropriate, because the Court concluded that the Insurer was entitled to summary judgment "in its favor as the coverage

question pertains to *Ortiz v. Rodriguez*." D.E. #50 at 2.  Ortiz's objection relates to how the Court reached that conclusion: whereas Ortiz argues that the Court should have concluded that the Insurer was not required to provide coverage in *Ortiz v. Rodriguez* because Ortiz voluntarily dismissed his action for recission of the judgment obtained in *Ortiz v. Rodriguez* (the success of which Ortiz concedes is a prerequisite to the Insurer's potential liability in *Ortiz v. Rodriguez*), Ortiz argues that the Court should not have undertaken the further analysis of whether the Insurer could be liable for Ortiz's injuries resulting from the forklift accident.

One problem with Ortiz's argument is that it would have left the Insurer exposed to the possibility of another lawsuit with the same coverage issues.  Under Rule 1.420(a)(1) of the Florida Rules of Civil Procedure, Ortiz's dismissal was without prejudice because the stipulation of dismissal in the recission action did not state otherwise.  *See* D.E. #52-1.  Therefore, if the Court had entered the specific order that Ortiz sought, Ortiz could have filed a new recission action immediately after entry of this Court's order, obtained recission of the judgment in *Ortiz v. Rodriguez*, and joined the Insurer as a party to *Ortiz v. Rodriguez* thereby precipitating another lawsuit with the same coverage issues that were already before this Court.  Under Florida law, the Insurer was entitled to a prompter resolution of coverage issues.  *See Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5, 15 (Fla. 2004).

Another problem with Ortiz's Rule 59(e) motion is that it places the Court in the position of having to consider, in the context of a Rule 59(e) motion, an argument that Ortiz did not fully develop during summary judgment briefing.  Instead of responding to the Insurer's motion for summary judgment, Ortiz adopted by reference the arguments raised in his motion for summary judgment. D.E. #46.  Then, Ortiz failed to rebut the Insurer's response to his motion for summary judgment because Ortiz's reply in support of his motion for summary judgment conceded that the Insurer was entitled to summary judgment in its favor. D.E. #50.  In that reply, Ortiz asked the Court to exercise its discretion and refrain from addressing coverage issues.  The Court declined to exercise its discretion in that manner to spare the Insurer from the litigation ping pong that would have ensued if the Court limited the scope of its ruling.  Although the Court has reviewed the briefing in Ortiz's motion to reconsider and would have entered summary judgment in the Insurer's favor even if those arguments had been presented during the summary judgment briefing, Rule 59(e) motions are not

4

the place to develop arguments that should have been developed earlier in the case. *See* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[6] (Matthew Bender 3d ed.) (collecting authority for the proposition that "a motion to alter or amend generally may not be used to raise arguments, or to present evidence, that could reasonably have been raised or presented before the entry of judgment").

### IV.   Conclusion

Accordingly, it is ORDERED and ADJUDGED that the Motion to Alter or Amend the Final Judgment is denied.

DONE in Chambers, Miami, Florida, March 15, 2010.

_____
Paul C. Huck
United States District Judge

**Copies furnished to:**
Counsel of record.